Bobby Samini, Esq. (SBN 181796)
Arman Khoshnood, Esq. (SBN 278593)
**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Telephone: (949) 724-0900

Attorney for Plaintiffs,
RAY HARMON and PAMELA R. HARMON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY HARMON, an individual; and PAMELA R. HARMON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. dba WELLS FARGO HOME MORTGAGE; and DOES 1 through 100 inclusive,<br><br>Defendants. | CASE NO.: 8:14-cv-00583-JVS-DFM<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: June 2, 2014<br>Time: 1:30 p.m.<br>Ctrm: 10C<br><br>[Assigned to Hon. James V. Selna] |

1

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………….. 2

1. INTRODUCTION……………………………………………………………………... 2

2. DISCUSSION……………………………………………………………………….... 2, 3

    A. Legal Standard for 12(b)(6) Motion to Dismiss………………………….. 2, 3

    B. Plaintiffs' State Law Claims Are Not Preempted by HOLA ……………….. 3

    C. A Lack of Tender Does Not Restrict Plaintiffs From Prosecuting Their Claims or Challenging the Foreclosure Process…………………………… 4

    D. Plaintiffs First Claim for Relief for Violation of HBOR Does Not Fail.. 4, 5

    E. Wells Fargo's Participation And Compliance With The National Mortgage Settlement ("NMS") Does Not Exempt It From HBOR Liability……….. 5

    F. Plaintiff's Second Claim For Relief For Violation of Civil Code Section 2924 Et Seq Does Not Fail…………………………………………………… 5, 6

    G. Plaintiffs Request Leave To Amend If The Motion To Dismiss Is Granted……………………………………………………………………… 6

3. CONCLUSION…………………………………………………………………….... 6

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)…………………………….....…… 3

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)………………………………………………………………….……… 3

*Chang v. Chang,*
   80 F.3d 1293 (9th Cir. 1996)……………………………………………...……….. 6

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.,*
   911 F.2d 1258 (9th Cir. 1992)……………………………. ………………………… 3

*Erickson v. Pardus,*
   551 U.S. 89 (2007)…………………………………………………...………… 3

*Navarro v. Block,*
   250 F.3d 729 (9th Cir. 2001)……………………………………………………… 3

*Rijhwani v. Wells Fargo Home Mortg., Inc.*
   2014 U.S. Dist. LEXIS 27516 (N.D. Cal. March 3, 2014)..…………………………… 3, 5

**STATE CASES**

*Onofrio v. Rice,*
   55 Cal.App.4th 413, 424 (1997)……………………………………………………….... 4

**STATE STATUTES**

 Cal. Civil Code § 2924 et seq………………………………………………………………. 5, 6

**RULES**

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………… 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiffs, Ray Harmon and Pamela R, Harmon, ("Plaintiffs") respectfully requests that Defendant's Motion to Dismiss be overruled because Plaintiff's Complaint, filed herein, properly sets forth a claim upon which relief may be granted.

Plaintiffs obtained an adjustable rate loan (the "Loan") secured by their property at 28552 Camelback Road, Trabuco Canyon, California, (the "Property") funded by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  (Comp. ¶ 9.)  Since the payments due on the Loan posed a financial hardship to Plaintiffs, Plaintiffs attempted to modify the loan with Wells Fargo, but all attempts were rejected or ignored.  (Comp. ¶ 11.) Later, Plaintiffs requested a payoff statement so that they could reinstate their second Loan on the Property (also with Wells Fargo), but Wells Fargo responded by demanding that Plaintiffs payoff their past due payments on their first loan before considering the payoff on the second Loan.  (Comp. ¶ 13.)  Wells Fargo recorded a Notice of Default and set a Notice of Trustee's Sale without engaging any discussion of modification or refinancing options with Plaintiffs.  (Comp. ¶ 14.)  Plaintiffs want to keep their Property, and engaged Wells Fargo to obtain a loan modification but Wells Fargo refused such an offer and even worse failed to provide Plaintiffs with a written determination regarding their eligibility for the requested foreclosure prevention alternative.  (Comp. ¶ 15.)

As provided for below, Plaintiff's claims should survive Defendant's Motion to Dismiss.  In the event that the Court decides to grant Defendant's Motion to Dismiss, then Plaintiffs respectfully requests leave to amend their Complaint.  Plaintiffs also request leave to amend to add a cause of action under federal law.

## 2. DISCUSSION

### A. Legal Standard for 12(b)(6) Motion to Dismiss.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is only proper where there is no cognizable legal theory or an absence of sufficient

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

1 facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id.* at 129 S.Ct. 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal* at 129 S.Ct. 1949.  A complaint need only give the defendants fair notice of what the claim is and the grounds upon which its rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 1258, 1261 (9th Cir. 1992).

## B.     Plaintiffs' State Law Claims Are Not Preempted by HOLA

Defendant's Motion to Dismiss asserts that Plaintiff's state law claims are preempted by HOLA.  (*See* Motion, ECF No. 9 at 12-16.)  Most cases that have addressed this issue have held that the status of the originator of the loan ultimately determines if HOLA applies to that particular loan.  *Rijhwani v. Wells Fargo Home Mortg., Inc.* 2014 U.S. Dist. LEXIS 27516 at *20 (N.D. Cal. March 3, 2014).  However, a closer look at those cases shows that the plaintiffs in those cases did not argue against that assertion and as such "the courts simply concluded, without much analysis, that HOLA preemption applied." *Id.* at *20-21.  More recent district courts that have questioned the logic of allowing Wells Fargo to assert HOLA preemption "have applied HOLA preemption only to <u>conduct occurring before</u> the loan changed hands from the federal savings association or bank to the entity not governed by HOLA." *Id.* at *22 [emphasis in original.]

3

1 Since the conduct complained of by Plaintiffs occurred well after Wells Fargo merged with Wachovia Mortgage, FSB (Comp. ¶¶ 16-30.) HOLA preemption does not apply to Plaintiffs' state law claims. *Id.* at *23 ("[A]ll of the wrongful conduct alleged by Plaintiffs was done by Wells Fargo and occurred from 2011 to 2013, well after Wachovia merged into Wells Fargo.  This means that Wells Fargo, which is not a federal savings association or bank, may not assert HOLA preemption in this particular action.")

### C. A Lack of Tender Does Not Restrict Plaintiffs From Prosecuting Their Claims or Challenging the Foreclosure Process

Defendant asserts that Plaintiffs cannot seek to rescind the promissory note, obtain an order to quiet title or challenge the foreclosure process without making a valid tender. (*See* Motion, ECF No. 9 at 18-19.)  What Defendant fails to consider is that tender is not required for a party to challenge a foreclosure process where it would be inequitable to do so.  *Onofrio v. Rice*, 55 Cal.App.4th 413, 424 (1997).

Here a requirement of full tender would be inequitable in this case and would unjustly enrich Defendants as they were not expecting full payment of the outstanding debt for some time.  Therefore Plaintiffs claims do not fail for a lack of tender.

### D. Plaintiffs First Claim for Relief for Violation of HBOR Does Not Fail

Defendant asserts that HBOR does not apply to junior lien foreclosures. (*See* Motion, ECF No. 9 at 19-20.) Although Defendant may be correct, Plaintiffs allegations involve, not only malfeasance on Wells Fargo part as to the junior lien but also as to the first lien on the Property which is also held by Wells Fargo.  As provided for in the Complaint, Plaintiffs not only took issue with Wells Fargo's treatment of the Loan (junior lien) but also the first loan. (Comp. ¶ 28.)  As was more fully set forth in Plaintiffs' Application for Temporary Restraining Order filed in Orange County Central Justice Center, Defendant never provided Plaintiffs with proof that the first loan on the

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

property was paid off and furthermore the Plaintiffs most recent mortgage statement showed the arrearages on the Plaintiffs first loan were still outstanding.[1]

As Plaintiff's claims for violations of HBOR apply to the first loan and the second loan (the Loan), Plaintiffs' HBOR claims do not fail.

### E. Wells Fargo's Participation And Compliance With The National Mortgage Settlement ("NMS") Does Not Exempt It From HBOR Liability

Defendant asserts that Wells Fargo, as a party to the NMS exempts it from Plaintiffs claims. (*See* Motion, ECF No. 9 at 21.) Although this may be an applicable defense for Wells Fargo, it is more akin to an affirmative defense that should be raised on a motion for summary judgment, where Wells Fargo would have the burden of proof. Whether, Wells Fargo is in compliance with the NMS is not something that should be adjudicated at this stage in the proceeding. *Rijhwani v. Wells Fargo Home Mortg., Inc.* 2014 U.S. Dist. LEXIS 27516 at *29 (N.D. Cal. March 3, 2014) ("Wells Fargo's argument [that it's exempt from Plaintiff's HBOR claims because NMS] fails at the motion to dismiss stage, however, because this safe harbor, so to speak, appears to be an affirmative defense to be raised on summary judgment and for which Wells Fargo has the burden of proof.")

Since this is a factual question that should be determined at the summary judgment stage, Defendant's motion to dismiss in this regard should be overruled.

### F. Plaintiffs' Second Claim for Relief for Violation of Civil Code § 2924 et seq Does Not Fail

Defendants assert that Plaintiffs' claims for violation of Civil Code § 2924 fail because they are vague, contradictory and cannot satisfy the Rule 8 pleading standards. (*See* Motion, ECF No. 9 at 11-18.) Plaintiffs' claim does not fail as Plaintiffs requested a foreclosure prevention alternative application and Wells Fargo, failed to provide a

---

[1] This argument was set forth in Plaintiff Ray Harmon's Declaration in Support his Application for TRO and will be more fully set forth in Plaintiffs Amended Complaint if this Defendant's Motion is granted and the Court grants Plaintiff leave to amend.

SAMINI SCHEINBERG, PC
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

1 written determination regarding the request. (Comp. ¶¶ 27-29.) As Wells Fargo is
2 required to give the borrower a written determination regarding the borrowers
3 foreclosure prevention alternative under Civil Code § 2924.
4 As such, Plaintiffs' claim for violation of Civil Code § 2924 et seq does not fail.

**G.  Plaintiffs' Request Leave to Amend if the Motion to Dismiss is Granted**

Should the Court grant Defendant's Motion to Dismiss, Plaintiffs respectfully request leave to amend. *Chang v. Chang*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). As mentioned previously Plaintiffs also request leave to amend so that they may add a cause of action under federal law.

### 3. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court deny the motion to dismiss in its entirety.

Respectfully submitted,

Dated:  May 12, 2014           **SAMINI SCHEINBERG, PC**

By: /s/ Bobby Samini
 Bobby Samini, Esq.
 Arman Khoshnood, Esq.
 Attorneys for Plaintiffs,
 RAY HARMON and PAMELA R. HARMON

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Costa Mesa, California; my business address is Samini Scheinberg, PC, 949 South Coast Dr, Ste 420, Costa Mesa, CA 92626.

On the date below, I served a copy of the foregoing document entitled:

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

on the interested parties in said case as follows:

**Served by Means Other than Electronically Via the Court's CM/ECF System**

| Yaw-Jiun Wu, Esq.<br>Melissa M. Coyle, Esq.<br>**Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP**<br>199 South Los Robles Ave., Suite 600<br>Pasadena, CA  91101-2459<br>626-535-1900<br>626-577-7764 Fax<br>gwu@afrct.com<br>mcoyle@afrct.com<br>*Attorneys for Defendant, Wells Fargo Bank, N.A.* | Melissa Armstrong, Esq.<br>**Butler & Hosch, P.A.**<br>525 E. Main Street<br>El Cajon, CA 92020<br>619-569-1114<br>407-381-5577 Fax<br>Melissa.armstrong@butlerandhosch.com<br>*Attorneys for Defendant Cal-Western Reconveyance, LLC* |

X   BY UNITED STATES MAIL,   I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited in a box or other facility regularly maintained by the United States Postal Service with First-Class postage thereon fully prepaid that same day at Costa Mesa, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

1

CASE NO.: 8:14-cv-00583-JVS-DFM
CERTIFICATE OF SERVICE

1  of the Bar of this Court, at whose direction the service was made. This declaration is
2  executed in Costa Mesa, California on May 12, 2014.

5  Deborah Cartee_____                    _____
6  Name of Declarant                              Signature of Declarant

**SAMINI SCHEINBERG, PC**
949 South Coast Drive, Suite 420
Costa Mesa, California 92626
Tel. (949)724-0900

2

CASE NO.: 8:14-cv-00583-JVS-DFM
**CERTIFICATE OF SERVICE**